UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

D.M. and J.M., and their minor son, M.M.,

                    Plaintiffs,

     v.

SEATTLE SCHOOL DISTRICT, a municipal
Washington corporation,

                    Defendant.

CASE NO. C15-1390-MAT

ORDER GRANTING MOTION FOR
LEAVE TO SUPPLEMENT RECORD
AND DENYING MOTION FOR PARTIAL
DISMISSAL

INTRODUCTION

Plaintiffs ("Parents") brought this action under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq*., to appeal an administrative proceeding related to their child's education in the Seattle School District ("District").  Now pending before the Court is defendant's Motion for Partial Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1) (Dkt. 10), and plaintiff's Motion for Leave to Supplement the Record (Dkt. 12).  Both motions are opposed.  (Dkts. 14 & 16; *see also* Dkts. 17 & 18.)  Having considered the motions and the papers filed in support and opposition, along with the remainder of the record, the Court herein GRANTS the Motion for Leave to Supplement the record (Dkt. 12) and DENIES the Motion for Partial Dismissal (Dkt. 10).

ORDER
PAGE - 1

<u>BACKGROUND</u>

M.M. is a fifth grade student eligible to receive special education services under the IDEA. (*See* Dkt. 11, Ex. 1 at 7.) M.M. attended schools in the District through the first grade. (*Id*.) Believing he had not received the free and appropriate public education ("FAPE") ensured by the IDEA, *see* 20 U.S.C. § 1400(d)(1)(A), the Parents moved M.M. to the Academy for Precision Learning (APL), a private school, for the 2011-2012 school year, where he repeated the first grade and where he continues to attend school to this day. (Dkt. 11, Ex. 1 at 7.) The District has never placed M.M. at APL and, throughout his time there, developed a series of individualized education programs (IEPs) proposing to place him in public school settings. (*Id*.) Until the events at issue in the current lawsuit, the parties' disputes about placement were settled without a hearing. (*Id.*)

On October 3, 2014, the District completed an IEP for M.M. for the 2014-2015 school year proposing he transition from APL to Thornton Creek Elementary School on January 5, 2015. (*Id*. at 7, 13) A settlement agreement provided for the District to pay the APL tuition through January 5, 2015 and settled all other claims through March 14, 2014. (*Id*. at 7-8.)

The Parents requested an administrative hearing under the IDEA on December 9, 2014. (*Id*. at 5.) They challenged the appropriateness of the District's evaluations, IEPs, and placement of M.M. at Thornton Creek Elementary for the 2014-2015 school year, challenged the failure to provide him with needed speech-language pathology (SLP) and occupational therapy (OT) services beginning March 15, 2014, and asked whether APL was an appropriate placement for M.M. (*Id*. at 6.) They sought as remedies: (1) reimbursement for APL tuition for the 2014-2015 school year in the amount exceeding that already paid by the District, for private OT services beginning March 15, 2014, and for all related transportation costs; (2) the provision of SLP

ORDER
PAGE - 2

services to compensate for lost benefit beginning March 15, 2014 and continuing through the date such services are provided or paid for by the District; (3) an order directing the District to develop an IEP correcting the alleged deficiencies; (4) prospective placement at APL; and (5) prospective provision of transportation to and from APL and OT and SLP services.  (*Id.* at 6-7.)

An administrative law judge (ALJ) held a hearing between March 30 and April 7, 2015, taking testimony from a number of witnesses, including APL Clinical Director Alison Moors Lipshin.  (*Id.* at 5.)  The ALJ issued a decision on June 10, 2015, finding the District violated the IDEA and denied M.M. a FAPE on some, but not all of the Parents' claims, and ordering some, but not all of the remedies sought.  (*See id.* at 51.)  The ALJ, for example, determined the District offered inappropriate OT services beginning March 15, 2014 and found the Parents entitled to reimbursement for OT expenses incurred from that date through the end of the 2014-2015 school year, and determined the IEP for the 2015-2016 school year should account for needed OT services.  (*Id.* at 48-49, 51.)  The ALJ otherwise found the October 2014 IEP appropriate and did not award reimbursement for private school tuition.  (*Id.* at 48-51.)

On or about August 5, 2015, the District proposed an IEP for the 2015-2016 school year placing M.M. at Sacajawea Elementary School.  (*See* Dkt. 1 at 15-16 and Dkt. 5 at 11-12.)  The Parents, on August 31, 2015, filed the current action.  (Dkt. 1.)  The Parents include allegations based on the administrative decision and relating to subsequent events, including the District's proposed 2015-2016 IEP.  (*See id.* at 15-17.)  They seek the same relief sought in the administrative hearing, and specifically request, *inter alia*, relief for the 2014-2015 school year and through the present, including an appropriate IEP and tuition expenses at APL, and an order requiring the District to prospectively place M.M. at APL at the District's expense.  (*Id.* at 17-18.)

ORDER
PAGE - 3

DISCUSSION

The Parents seek leave to supplement the record with evidence of events occurring since the administrative hearing. The evidence relates to M.M.'s school program, performance, and needs, the IEP and placement proposed by the District for the 2015-2016 school year, and the District's provision of services for M.M. It would include records from APL, the District's proposed IEP, and the parties' communications regarding the 2015-2016 school year, and testimony regarding these matters from both the Parents and Ms. Moors Lipshin. The Parents argue this supplementation of the record is permissible under the IDEA and pursuant to Ninth Circuit authority, and that the evidence is relevant to their compensatory and prospective claims.

The District opposes the proposed supplementation of the record as impermissible and insufficiently specific. The District seeks dismissal of any post-hearing claims not adjudicated in the underlying administrative action. It argues the IDEA does not authorize the Parents to advance such unexhausted claims and that the Parents fail to demonstrate they should be excused from exhaustion based on futility. The District seeks to limit the substantive legal issues in this appeal to those adjudicated in the administrative action, that is, the appropriateness of the District's IEP for the 2014-2015 school year.[1]

A.    Motion to Supplement the Record

A party aggrieved by the findings and decision in an IDEA administrative proceeding may appeal by bringing a civil action in district court. 20 U.S.C. § 1415(i)(2)(A). A district court reviewing an administrative decision "shall hear additional evidence at the request of a

---

[1] The District also moves to strike (see Dkt. 16 at 6-7 and Dkt. 18 at 11) the declarations of Howard Powers submitted in support of the motion to supplement the record (Dkt. 13) and the opposition to the motion for partial dismissal (Dkt. 15). The District contends the declarations are comprised largely of argument and purport to offer unfounded expert opinion. The Court, however, concludes that the issues in the pending motions are legal issues that can be resolved without reference to the declarations of Powers. The District's motions to strike are, therefore, DENIED.

ORDER
PAGE - 4

party."   § 1415(i)(2)(C)(ii).   "Thus, judicial review in IDEA cases differs substantially from judicial review of other agency actions, in which courts generally are confined to the administrative record and are held to a highly deferential standard of review."  *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1471 (9th Cir. 1993).  The consideration of additional evidence "implements the intent that federal courts enforce the minimum federal standards IDEA sets out."  *E.M. v. Pajaro Valley Unified Sch. Dist.*, 652 F.3d 999, 1006 (9th Cir. 2011).

The court has discretion to determine the additional evidence properly considered.  *See Ojai*, 4 F.3d at 1473.  It "need not consider evidence that simply repeats or embellishes evidence taken at the administrative hearing, nor should it admit evidence that changes the character of the hearing from one of review to a trial *de novo*."  *E.M.*, 652 F.3d at 1004 (quotation marks and quoted sources omitted).

However, additional evidence may include, *inter alia*, "'evidence concerning relevant events occurring subsequent to the administrative hearing.'"  *Id.* (quoting *Ojai*, 4 F.3d at 1473). The Ninth Circuit has, for example, determined that a court properly considered additional evidence related to an alternative educational placement that only became available after a child's administrative hearing.  *Ojai*, 4 F.3d at 1473.  The Ninth Circuit has also observed that "after-acquired evidence 'may shed light' on the objective reasonableness of a school district's actions at the time the school district rendered its decision."  *E.M.*, 652 F.3d at 1004-05 (quoting *Adams v. Oregon*, 195 F.3d 1141, 1149 (9th Cir. 1999)).  *See also Ash v. Lake Oswego School Dist., No. 7J*, 980 F.2d 585, 588 (9th Cir. 1992) ("Only after reviewing both the record and the supplemental testimony did the district judge conclude that residential placement for Christopher was necessary.").  "[A]dditional data, discovered late in the evaluation process, may provide significant insight into the child's condition, and the reasonableness of the school district's

action, at the earlier date." *E.M.*, 652 F.3d at 1005.

The question for the Court is not whether the additional evidence is necessary to evaluate the decision of the ALJ. *Id.* at 1006. Rather, the proper inquiry is whether such evidence is "relevant, non-cumulative, and otherwise admissible." *Id.* (directing district court to consider whether report from psychologist obtained after conclusion of administrative hearing was relevant to determination that school met its obligations under the IDEA and was otherwise admissible).

The District objects to the admission of the additional evidence as going beyond the scope of this appeal and relating to new claims that have not been adjudicated. The Court, however, concludes that additional evidence associated with events occurring after the administrative hearing is, as a general matter, relevant to the Parents' compensatory and prospective claims, and properly considered in this case.[2] *See, e.g.*, *E.M.*, 652 F.3d at 1002, 1006 (district court erred in failing to supplement the record with evidence obtained after the conclusion of the administrative hearing: "The intent of 20 U.S.C. § 1415(i)(2)(C)(ii), . . . , is that the school district's 2004 actions be reviewed with the help available in 2007."; directing court to consider whether additional evidence was relevant to determination of whether school district met its obligations under IDEA and is otherwise admissible); *Seattle Sch. Dist., No. 1 v. B.S.*, 82 F.3d 1493, 1500-02 (9th Cir. 1996) (considering evidence of student's current performance and progress at school); *Board of Educ. of Sacramento City Unified Sch. Dist. v. Holland*, 786 F. Supp. 874, 877 (E.D. Cal. 1992) (considering evidence regarding two school

---

[2] Having concluded as such, the Court does not find it necessary to address the Parents' arguments that alleged errors in the hearing decision increase the importance of supplementing the record. (*See* Dkt. 12 at 8-10.) Those arguments are properly addressed in considering the merits of the Parents' claims.

ORDER
PAGE - 6

years subsequent to administrative hearing "to provide evidence of [student's] progress or lack of progress during this time period."), *aff'd sub. nom. Sacramento City Unified Sch. Dist., Bd. of Educ. v. Rachel H.*, 14 F.3d 1398, 1401 & n.4 (9th Cir. Cal. 1994); *In re Hernandez v. Bd. of Educ.*, 01 C 297, 2001 U.S. Dist. LEXIS 6027 at *14-15 (N.D. Ill. May 4, 2011) (finding parents could submit testimonial and documentary evidence of student's current condition and continuing post-Administrative Order impact of school district's failure to provide services). *Cf. Brandon H. v. Kennewick Sch. Dist. No. 17*, 82 F. Supp. 2d 1174, 1181-84 (E.D. Wash. 2000) (rejecting admission of evidence that only came into existence after the hearing based on the plaintiff's failure to show how that evidence was relevant to the issues before the Court). Relevant evidence may include exhibits and testimony relating to M.M.'s program and performance at APL, the IEP and proposed placement for the 2015-2016 school year, and SPL and OT services.[3]

The Parents have not, however, yet provided the additional evidence they seek to admit. They suggest the additional evidence should include as current information as is reasonably available, and state that the specific APL records to be admitted cannot be provided until closer in time to the June 27, 2016 hearing in this matter. The Parents aver the District is fully familiar with the type of information available from APL. They explain that the APL records will consist of the most up-to-date version of the records presented at hearing (*see* Dkt. 17 at 4 (citing exhibits and portions of administrative record)), that the testimony from Ms. Moors Lipshin as to M.M.'s functioning and school performance will be an update of the testimony presented at

---

[3] The District construes the Parents' motion as seeking to introduce evidence showing M.M.'s "needs changed" after the 2014-2015 school year. (Dkt. 16 at 4.) As discussed below, the Parents here contend evidence of M.M.'s current functioning provides additional support for the same needs they alleged were not met by the 2014-2015 IEP and proposed placement, and were provided by APL. *See supra* at 15-16.

ORDER
PAGE - 7

hearing, and that the District is fully familiar with the IEP and placement proposal it formulated for the 2015-2016 school year, as well as the OT and SPL services it provided. The Parents suggest the additional evidence be submitted via deposition or declaration before briefing so that it can be referenced along with evidence in the administrative record.

The District argues the Parents' motion should be denied based on the failure to identify or present for review the evidence they seek to admit. The District argues it would be extremely prejudicial to require it to "blindly argue" whether unspecified evidence should be admitted. (Dkt. 16 at 5.) The Court does not find these contentions persuasive.

Some of the evidence to be admitted, such as the 2015-2016 IEP, was created by and is within the District's control. Other evidence, such as the current APL records and testimony from Ms. Moors Lipshin and the Parents, is reasonably proposed as mirroring, in an updated form, the evidence submitted at the hearing. While it would be preferable to now have the precise documentation and testimony sought to be admitted, any prematurity in the filing of the Parents' motion is arguably due to the District's earlier filed and related motion for partial dismissal. (*See* Dkts. 10 and 12.) The Court may, in any event, issue a preliminary ruling regarding the submission of additional evidence under § 1415(i)(2)(C)(ii). *See, e.g., Doe v. E. Longmeadow Pub. Sch.*, 15-cv-30029, 2015 U.S. Dist. LEXIS 125818 at *5-7 (D. Mass. Sept. 21, 2015) (finding evidence of child's post-hearing status relevant to determination of whether IEP met his needs, whether private school placement was appropriate, and whether parents were entitled to tuition reimbursement, and identifying date by which the supplementation of the record was to be complete); *Pass v. Rollinsford Sch. Dist.*, 11-cv-284, 2011 U.S. Dist. LEXIS 116770 *2-6 (D. N.H. Oct. 7, 2011) (finding evidence of student's progress and performance in private school after date of hearing potentially relevant to appropriateness of IEP and private

ORDER
PAGE - 8

1   school placement; granting motion for an evidentiary hearing, allowing supplementation of

2   record with testimony on school progress and performance, and directing plaintiff to lay

3   foundation for admissibility of additional documentary evidence in depositions; also allowing

4   defendant to submit rebuttal evidence).

5       In sum, the Parents will be afforded the opportunity to submit relevant and non-

6   cumulative evidence for this Court's consideration.  As the Parents suggest, this Order does not

7   preclude the District from objecting to specific evidence offered as being outside the scope of

8   this Order or otherwise irrelevant or inadmissible.

9   B.    Motion for Partial Dismissal

10      In seeking partial dismissal, the District initially argued both that the IDEA does not

11  permit a claimant to appeal to the district court new or additional claims that were not a part of

12  the administrative process, and that the Parents' failure to exhaust their administrative remedies

13  deprived this Court of jurisdiction pursuant to Rule 12(b)(1).  However, the IDEA's exhaustion

14  requirement is not jurisdictional.  *Payne v. Peninsula School Dist.*, 653 F.3d 863, 870-71, 874-76

15  (9th Cir. 2011) (cited source omitted), *overruled on other grounds by Albino v. Baca*, 747 F.3d

16  1162 (9th Cir. 2014).  In its reply, the District concedes the inaccuracy of its jurisdictional

17  argument, reiterates its contention that the Parents' appeal is limited to the issues raised in the

18  administrative hearing, argues the Parents inappropriately mask their new claims as remedies,

19  and denies that the Parents set forth any basis for excusing their failure to exhaust.

20      1.    Issues Raised at Administrative Hearing:

21      The District avers the scope of the Parents' appeal is limited to the issues raised in the

22  administrative action.  This argument relies on the Ninth Circuit's decision in *County of San*

23  *Diego v. Cal. Spec. Educ. Hearing Off.*, 93 F.3d 1458, 1464-65 (9th Cir. 1996), and its

ORDER
PAGE - 9

consideration of the language now codified in 20 U.S.C. § 1415(i)(2)(A) of the IDEA.  Pursuant to that provision, any party aggrieved by the findings and decision in an IDEA administrative proceeding "shall have the right to bring a civil action with respect to the complaint" presented in the administrative action.  § 1415(i)(2)(A).  Without addressing the rule of exhaustion, the Ninth Circuit found a County's challenge unrelated to the original complaint brought by a parent and child, and thus impermissible under the IDEA.  *County of San Diego*, 93 F.3d at 1464-65.

In *County of San Diego*, the original complaint identified the issue to be resolved in the administrative hearing as whether a child required residential placement by the County to benefit from an educational program.  *Id*. at 1463-64.  The child had been previously classified with learning disabilities and as "seriously emotionally disturbed" (SED), and found qualified to receive special education.  *Id*. at 1462-63.  The County, during both mediation and the due process hearing, attempted to raise the issue of whether the SED determination was correct, but both the mediator and ALJ refused to hear the question, finding it not properly at issue in the proceedings.  *Id*. at 1464.  The ALJ found in favor of the parent and child, concluding residential treatment was required.  *Id*.  The district court found the issue of the child's SED status properly excluded at hearing, and upheld the conclusion on residential treatment.  *Id*. at 1465-66.

The Ninth Circuit, on review, noted that the language in § 1415(i)(2)(A) must be read in conjunction with the sections of the IDEA outlining the rights of parents and guardians, and only gave the County the right to sue for what the child and parent complained about at the administrative hearing.  *Id*. at 1465.  Because the complaint addressed only the right to residential placement, the County was precluded from challenging the SED determination.  *Id*. The Ninth Circuit further found more compelling than the federal law at issue the fact that state law conferred sole authority to make the SED assessment to the school district, and expressly

ORDER
PAGE - 10

1    limited the right of county mental health agencies to participate in that determination and the

2    consideration of residential placement. *Id.* The Ninth Circuit could not overrule the State's

3    legislative decision to exclude county mental health agencies from the SED assessment by

4    allowing the County to indirectly challenge the SED determination. *Id.*

5         The *County of San Diego* decision is clearly distinguishable from the case before this

6    Court. The Parents, at the administrative hearing and in the present action, challenge the

7    District's evaluations, IEPs, and placement decisions, and ask for a determination that APL is the

8    appropriate placement for M.M. The Parents seek in the present action, as they did at the

9    administrative hearing, remedies in the form of APL tuition reimbursement, a corrected IEP, and

10   placement at APL. They do not, as in *County of San Diego*, raise an issue the ALJ expressly and

11   properly refused to consider because it had not been raised as an issue in the complaint. Nor is

12   there an issue precluded from consideration under state law.

13        Of course, the Parents were not able to raise in the administrative action a specific

14   challenge to an IEP not yet written and a placement decision not yet made. *See Me. Sch. Admin.*

15   *Dist. No. 35 v. R.*, 321 F.3d 9, 18 (1st Cir. 2003) ("Although parents ordinarily must exhaust

16   their administrative remedies before appealing to a federal court, the appellants' failure to raise a

17   then-nonexistent compensatory education claim before the hearing officer is not fatal to judicial

18   review. Parents are not expected to have the gift of prophecy.") They did, however, raise issues

19   and seek prospective relief clearly related to those future events. As discussed further below, the

20   Court, in such circumstances, properly considers whether a party should be excused from the

21   IDEA's exhaustion requirement. The District's reliance on the inapposite decision in *County of*

22   *San Diego* does not support its motion for partial dismissal.

23   / / /

ORDER
PAGE - 11

2.      Consideration as Claims or Remedies:

The District maintains the Parents confuse the relief sought in the administrative action with the claims litigated there.  The District does not contest the Court's authority to award the relief requested below, but seeks to limit the substantive legal issues in this appeal to those adjudicated in the administrative action, namely, the appropriateness of the 2014-2015 IEP.

In considering the administrative record and any additional evidence admitted, a district court is empowered under the IDEA to "grant such relief as [it] determines is appropriate."  20 U.S.C. § 1415(i)(2)(C)(iii).  The IDEA provides for compensatory or "retrospective" relief, as well as prospective relief, including "a prospective injunction directing the school officials to develop and implement at public expense an IEP placing the child in a private school."  *Sch. Comm. of Burlington v. Dep't of Educ.*, 471 U.S. 359, 369-70 (1985).

The Parents here pursued all existing IDEA administrative remedies before filing this action, and seek, as they did in the administrative action, reimbursement for private school tuition and placement of M.M. at APL.  As conceded by the District, the Parents properly seek and the Court may award the prospective relief requested.

The Court also properly considers an IEP and placement proposal not formulated at the time of the administrative action in considering an appeal and request for prospective relief under the IDEA.  For example, in *Bd. of Educ. v. Rowley*, 458 U.S. 176 (1982), the Supreme Court addressed a case in which a district court found no need to find jurisdiction over an IEP developed after the conclusion of an administrative action.  *See Rowley v. Bd. of Educ.*, 483 F. Supp. 536, 538 (S.D.N.Y. 1980).  The district court noted that the later, unexhausted IEP contained the same problem identified by the parents as an issue in the earlier, exhausted IEP, and found an injunction applicable to the later IEP and school year an appropriate form of relief.

ORDER
PAGE - 12

*Id.* The Supreme Court agreed, stating: "Judicial review invariably takes more than nine months to complete, not to mention the time consumed during the preceding state administrative hearings. The District Court thus correctly ruled that it retained jurisdiction to grant relief because the alleged deficiencies in the IEP were capable of repetition as to the parties before it yet evading review." *Rowley*, 458 U.S. at 186 n.9 (cited sources omitted).

The District focuses on the fact that *Rowley* and other cases discuss the ability to grant relief, rather than the ability to address substantive claims. It does not, however, provide a sufficient explanation as to why this distinction removes the analysis from consideration of whether plaintiff's exhaustion of claims can be excused. The Court finds an absence of any support identified for dismissal based on the claims/remedies distinction identified by the District, and finds the question of whether plaintiff may litigate claims associated with the 2015-2016 IEP and proposed placement properly addressed within the parameters of the IDEA's exhaustion requirement.

3.    <u>Exhaustion</u>:

The IDEA contains an exhaustion requirement. *See* § 1415(l) (" . . . before the filing of a civil action under [the Constitution or other federal laws protecting the rights of children with disabilities] seeking relief that is also available under this part . . . , the procedures under subsections (f) [(impartial due process hearing)] and (g) [(appeal)] shall be exhausted to the same extent as would be required had the action been brought under this part . . . .") This requirement allows for the exercise of discretion and expertise by state and local agencies, the full exploration of technical educational issues, the development of a complete record, and the promotion of judicial efficiency, by allowing agencies the first opportunity to correct any deficiencies in a disabled child's educational program. *Payne*, 653 F.3d at 875-76. "The exhaustion requirement

is intended to prevent courts from acting as ersatz school administrators and making what should be expert determinations about the best way to educate disabled students." *Id*. at 876. *Accord Bowen v. City of New York*, 476 U.S. 467, 484 (1986).

As noted above, exhaustion under the IDEA is not jurisdictional. *Payne*, 653 F.3d at 870-71, 874-76. Nor is the exhaustion requirement rigid. *Porter v. Bd. of Trustees of Manhattan Beach*, 307 F.3d 1064, 1069 (9th Cir. 2002) (citing *Hoeft v. Tucson Unified Sch. Dist*., 967 F.2d 1298, 1302-03 (9th Cir. 1992)). A party may "bypass the administrative process where exhaustion would be futile or inadequate." *Honig v. Doe*, 484 U.S. 305, 312 (1988) (internal and other citations omitted). *Accord Porter*, 307 F.3d at 1069 ("Courts universally recognize that parents need not exhaust the procedures set forth in 20 U.S.C. § 1415 where resort to the administrative process would be either futile or inadequate.") The court employs a fact-specific assessment to resolve questions as to the futility of administrative proceedings, or whether dismissal "would be consistent with the 'general purpose' of exhaustion[.]" *Payne*, 653 F.3d at 870.

Except where clear on the face of the complaint, failure to exhaust arguments should be brought in a Rule 56 motion for summary judgment, not in an unenumerated Rule 12(b) motion to dismiss. *Albino*, 747 F.3d at 1166, 1170-71 (considering the Prison Litigation Reform Act, but explicitly extending holding to other contexts, including IDEA cases). The party seeking summary judgment carries the initial burden of proving a failure to exhaust. *Id*. at 1166. The burden of production then shifts to the nonmoving party to show exhaustion would be futile or inadequate, while the "ultimate burden of proof" on summary judgment remains with the moving party. *Id*. at 1172.

The Court here construes the District's motion as seeking partial summary judgment.

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a).  The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).  The Court must draw all reasonable inferences in favor of the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The Parents here aver that the 2015-2016 IEP, like the 2014-2015 IEP, proposes to place M.M. in a self-contained (segregated) special education classroom, albeit at a different District school (Sacajawea Elementary, rather than Thornton Creek Elementary).  (*See* Dkts. 1 & 5.) They maintain the 2015-2016 IEP has the same core deficiencies as those in the 2014-2015 IEP, including the failure to provide for the program accommodations/modifications, support for school personnel, and services M.M. needs to educate him in the least restrictive environment. They aver the IEPs for the programs at Thornton Creek and Sacajawea provide for M.M. to spend only 19.02% and 18.36% of his time per week, respectively, in a general education setting with students who are nondisabled, primarily for non-academic activities, and with the remainder of time to be spent in the special education setting.  (*See id*.)  The Parents maintain the merits of their compensatory and prospective relief claims cannot be resolved without information concerning M.M.'s current functioning and performance levels at school, including the benefit he derives from being educated with nondisabled students.  They argue that requiring them to exhaust issues in relation to the 2015-2016 IEP and proposed placement would be unduly burdensome, wasteful of resources, inadequate, and potentially futile, and that allowing them to seek relief as they propose serves the general purpose of exhaustion.  The Court agrees.

ORDER
PAGE - 15

The District does not dispute the Parents' contention that the 2015-2016 IEP and proposed placement does not substantially differ from or cure the alleged deficiencies in the 2014-2015 IEP and proposed placement.  The District does argue that the Parents seek to present post-hearing evidence of M.M.'s "changed needs" and that Ninth Circuit law requires such outstanding educational issues to be developed and potentially resolved in the context of a due process hearing.  (Dkt. 18 at 8.)  However, the portion of the brief cited by the District reflects the Parents' contention that evidence of M.M.'s current functioning provides additional support for the same needs they allege were not met by the 2014-2015 IEP and proposed placement, and were provided by the APL program.[4]

Courts considering evidence of substantially similar, but unexhausted IEPs routinely exercise their discretion to find exhaustion not required.  *See, e.g., DeVries v. Spillane*, 853 F.2d 264, 266-67 (4th Cir. 1988) (reexhaustion not required because parents' complaint about child not being educated in his neighborhood school remained "unaffected" by the new IEP proposed by school district following the administrative hearing, and, to the extent factual findings were required regarding the new IEP, "the district court is directed, by statute, to do so."); *Pinto v. District of Columbia*, 938 F. Supp. 2d 25, 32 (D. D.C. 2013) (finding proper exhaustion and no need for filing of another administrative complaint to address a post-hearing IEP:  "[T]he issues presented in this action – whether plaintiffs are entitled to reimbursement for tuition expenses and costs and prospective placements . . . – were in fact presented to the Hearing Officer in the first instance."; noting the absence of any authority cited for school district's contention that

---

[4] Also, the Ninth Circuit case cited by the District is inapposite in that it upheld a district court decision finding no exhaustion where a plaintiff filed an appeal of an investigator's decision, but had never proceeded to a due process hearing.  *Brooke M. v. State of Alaska Dep't of Ed. & Early Dev.*, No. 07-35518, 2008 U.S. App. LEXIS 17137 at *2 (9th Cir. Aug. 11, 2008).

ORDER
PAGE - 16

parents must "recommence administrative appeal process for every revision to a child's IEP.");
*Johnson v. Lancaster-Lebanon Intermediate Unit 13*, 757 F. Supp. 606, 614 & n.6 (E.D. Pa. 1991) (reexhaustion not required to consider IEP for school year following that addressed in administrative hearing "[b]ecause of the importance of speedily resolving [IDEA] cases and the similarity of the 1990-91 IEP to the 1989-90 IEP").  As stated by one court:  "New issues may require exhaustion, but substantially similar persisting issues that have already been raised do not require exhaustion."  *J.N. v. Penn-Delco Sch. Dist.*, 57 F. Supp. 3d 475, 478-81 (E.D. Pa. 2014) (finding exhaustion not necessary when a subsequent IEP was substantially similar to an IEP a hearing officer had already considered; allowing amendment of claim to seek reimbursement for 2014-2015 school year in appeal of administrative decision addressing 2013-2014 IEP).

Given the undisputed assertion of a substantially similar IEP and proposed placement, partial dismissal of the Parents' claims would not be consistent with the general purpose of exhaustion.  That is, the administrative hearing conducted already provided for the exercise of discretion and expertise at the state and local level, the full exploration of technical educational issues, the development of a record, and the promotion of judicial efficiency by providing the state and local agencies the first opportunity to correct deficiencies in M.M.'s educational program.  *See Payne*, 653 F.3d at 875-76.

Nor does the Court otherwise find it reasonable to require further exhaustion.  Again, the Parents were not able to bring a challenge to an IEP and proposed placement that did not exist at the time of the administrative hearing.  *See Me. Sch. Admin. Dist. No. 35*, 321 F.3d at 18 ("Although parents ordinarily must exhaust their administrative remedies before appealing to a federal court, the appellants' failure to raise a then-nonexistent compensatory education claim before the hearing officer is not fatal to judicial review. Parents are not expected to have the gift

ORDER
PAGE - 17

of prophecy.")  Having fully exhausted their challenge to a substantially similar IEP and proposed placement, requiring additional exhaustion would be unduly burdensome, a waste of resources, inadequate, and potentially futile.  *See*, *e.g.*, *J.P.E.H. v. Hooksett Sch. Dist.*, No. 07-276, 2008 DNH 194, 2008 U.S. Dist. LEXIS 89377 at *7-8 (D.N.H. Oct. 22, 2008) (parent could not be faulted for failing to exhaust claim for tuition reimbursement for expenses not yet incurred by the time of the administrative hearing, and a "return trip through the administrative process would be an exercise in futility[,]" where parent "would have to prove the very same thing . . . to prevail" on her claim).  While the District takes a contrary view, it fails to establish its entitlement to a judgment as a matter of law on the issue of exhaustion.

CONCLUSION

For the reasons set forth above, the Parents' Motion for Leave to Supplement the Record (Dkt. 12) is GRANTED, and the District's Motion for Partial Dismissal (Dkt. 10) is DENIED. The parties are directed to promptly meet and confer to determine a date by which any and all additional evidence must be submitted, allowing time for possible briefing as to admissibility.

DATED this 21st day of March, 2016.

Mary Alice Theiler
United States Magistrate Judge

ORDER
PAGE - 18